UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEVIN O'NEAL CHANEY                                      CIVIL ACTION

VERSUS                                                          NO. 19-346

LOUISIANA STATE ET AL.                                  SECTION "H" (2)

## REPORT AND RECOMMENDATION

Plaintiff Devin O'Neal Chaney is a prisoner currently incarcerated in Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983") against the State of Louisiana; the City of New Orleans; Blair's Bail Bonds; Orleans Parish Criminal District Judge Laurie White; Orleans Parish District Attorney Leon Cannizzaro; Orleans Parish Assistant District Attorneys Mark Lopez and Carolyn J. Livanos; New Orleans Police Department Detective Joel Smith; Eusi Hekima Phillips, whom plaintiff alleges is "employed as private counsel," Record Doc. No. 3 at p. 6; Orleans Parish Sheriff Marlin N. Gusman; Orleans Parish Sheriff's Office general counsel Blake Arcuri; and Orleans Parish Clerk of Court Arthur Morell. Chaney alleges generally that he was denied constitutional and civil rights in his Orleans Parish criminal proceedings, such as being subjected to prosecutorial misconduct, subornation of perjury and denial of a proper warrant. Record Doc. No. 3 (Complaint at ¶ IV). Specifically, Chaney alleges:

> Even with counsel I have filed motions on my behalf asserting my civil rights that are being unconstitutional[ly] denied and ignored. The aforesaid officials have individually contributed to injustice, conspiracy, bias, racial profiling, embezzlement, extortion, unconstitutional sanction, fraud, duress

of person, duress of imprisonment, malicious intent, kidnaping, subornation of perjury, defamation of character, sexual assault, coercion, genocide, false documents (color of law), denied right to truth of evidence, slavery, force[d] compliance, civil racketeering, criminal racketeering, mail threats, denied proper warrant.

Id. He seeks sanctions against defendants for violation of their oaths of office and monetary damages. Id. (Complaint at ¶ V).

## ANALYSIS

### I.    STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th

Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's complaint may be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), either as frivolous because it lacks an arguable basis in law fails to state a claim on which relief can be granted or seeks monetary relief against defendants who are immune from such relief. Plaintiff's complaint asserts claims against several defendants who are immune from prosecution and two defendants who are not state actors. In addition, the claims in his complaint are legally frivolous and fail to state

a claim even under the broadest reading[1] because they are barred by applicable United States Supreme Court precedent.

II.   PLAINTIFF'S CLAIMS

(1)   SOVEREIGN IMMUNITY BARS SUIT AGAINST STATE OF LOUISIANA BUT NOT AGAINST STATE OFFICIALS FOR PROSPECTIVE INJUNCTIVE RELIEF

The State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Richardson v. S. Univ., 118 F.3d 450, 452 (5th Cir. 1997).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990). The

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011), cert. denied, 132 S. Ct. 1746 (2012) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

-4-

State has not done so in this case. Therefore, the Eleventh Amendment bars plaintiff's suit against the State of Louisiana in this matter. For these reasons, all of Chaney's claims against the State of Louisiana must be dismissed because this defendant is immune. 28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2).

"To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." Frew ex rel. Frew, 540 U.S. at 437 (citing Ex parte Young, 209 U.S. 123 (1908)). This standard allows federal courts to order prospective relief and ancillary relief thereto when a violation of federal law exists. Id. (citing Edelman v. Jordan, 415 U.S. 651 (1974); Milliken v. Bradley, 433 U.S. 267 (1977); Green v. Mansour, 474 U.S. 64, 71–73 (1985)).

"In determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 645 (2002) (quotation omitted).

Chaney's complaint seeks sanctions and monetary relief for alleged constitutional violations by state and local officials that occurred during his Orleans Parish criminal proceedings. Record Doc. No. 3 (Complaint at ¶ V). Assuming the sanctions are a form of injunctive relief, the state and local official defendants are not immune from a lawsuit

for the injunctive relief sought in the complaint. However, as discussed below, plaintiff's claims against the state and local officials are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994).

(2)   MONELL AND PROGENY BAR SUIT AGAINST CITY OF NEW ORLEANS

The City of New Orleans, a municipality, may not be sued under Section 1983 for injuries inflicted solely by its employees or agents. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [Section] 1983." Id. "As is well established, every Monell claim requires 'an underlying constitutional violation.'" Kitchen v. Dallas Cty., Tex., 759 F.3d 468, 483 (5th Cir. 2014) (quoting Whitley v. Hanna, 726 F.3d 631, 648 (5th Cir. 2013)). "Municipalities may be liable where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" Hicks-Fields v. Harris Cty., Texas, 860 F.3d 803, 808 (5th Cir.) (quoting Monell, 436 U.S. at 690).

Plaintiff's complaint does not allege that the City of New Orleans has implemented and/or executed an unconstitutional act or regulation but rather states that the state and local official defendants "have individually contributed" to his alleged constitutional

violations during his Orleans Parish criminal proceedings. Record Doc. No. 3 (Complaint at p. 4, ¶ IV) (emphasis added). Because plaintiff seeks relief for injuries inflicted solely by employees or agents of the City, and because plaintiff does not allege that the City and/or executed an unconstitutional act or regulation, the City of New Orleans may not be sued under Section 1983 in this matter. For these reasons, all of Chaney's claims against this defendant must be dismissed as legally frivolous or for failure to state a claim for which relief can be granted, based on <u>Monell</u> and its progeny.

(3)    <u>JUDICIAL IMMUNITY BARS SUIT AGAINST JUDGE LAURIE WHITE</u>

Plaintiff's claims against Orleans Parish Criminal District Judge Laurie White are barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978) (citing <u>Bradley v. Fisher</u>, 80 U.S. 335 (1871)); <u>Mays v. Sudderth</u>, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." <u>Ammons v. Baldwin</u>, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); <u>accord Mays</u>, 97 F.3d at 110–11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. <u>Stump</u>, 435 U.S. at 356–57; <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967), <u>overruled in part on other grounds by Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), <u>as recognized by Hill v. Shelander</u>, 992 F.2d 714, 716 (7th Cir. 1993); <u>Mays</u>, 97 F.3d at 110–11. Judicial officers are absolutely immune from liability

for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d

170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, judicial officers did not enjoy absolute immunity from suits seeking

injunctive relief. Relief of that nature was available under Section 1983 against state

court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541–42

(1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended

Section 1983 to provide that "in any action brought against a judicial officer for an act

or omission taken in such officer's judicial capacity, injunctive relief shall not be granted

unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C.

§ 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the

availability of injunctive relief against a state judge in his official capacity. Guerin v.

Higgins, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F.

Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th

Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal

judge to declaratory relief). Thus, neither injunctive relief nor damages are available in

this Section 1983 action against this defendant. Tesmer v. Granholm, 114 F. Supp. 2d

603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Furthermore, to whatever extent, if any, that Chaney seeks an order of this court

directing the judge to take action concerning plaintiff's state court criminal proceedings,

a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356–57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d 1275, 1276 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court, 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. Louisiana S. Ct., 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). This court is without authority to order officials of the state court in which plaintiff's criminal case is pending to treat his claims in any particular way or to otherwise interfere with the rulings of its judges.

Chaney's claims against Judge White concern actions that are exclusively within the scope of the judge's role as a judicial officer and therefore within her jurisdiction. Consequently, the doctrine of absolute judicial immunity bars plaintiff's suit against Judge White. For these reasons, all of Chaney's claims against this defendant must be dismissed because this defendant is immune. 28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2).

(4)    PROSECUTORIAL IMMUNITY BARS SUIT AGAINST DISTRICT ATTORNEY AND HIS ASSISTANTS

Orleans Parish District Attorney Leon Cannizarro and Assistant District Attorneys Mark Lopez and Carolyn J. Livanos have been named as defendants in this case based solely upon their actions as prosecutors in connection with state court criminal proceedings against Chaney.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227–29 (1988); accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Quinn v. Roach, 326 Fed. Appx. 280, 2009 WL 1181072, at *9 (5th Cir. 2009); Hill, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." Id. (quotation omitted); accord Buckley v. Fitzsimmons, 509 U.S. 259, 270, 272 (1993); Quinn, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997) (quoting Imbler v.

Pachtman, 424 U.S. 409, 430–31 (1976)); accord Quinn, 2009 WL 1181072, at *9; Hill, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), abrogated in part on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); accord Champluvier v. Couch, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); Hill, 2002 WL 243261, at *10.

In the instant case, the actions of the district attorney and the assistant prosecutors in his office concerning criminal charges against Chaney in Orleans Parish form the exclusive basis of plaintiff's claims against them. The assistant district attorneys' actions in initiating and pursuing the prosecution of Chaney fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the district attorney or his assistants were functioning outside the scope of prosecutorial immunity. Therefore, plaintiff's claims for monetary damages against these defendants in their individual capacity must be dismissed.

However, while prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief. Supreme Ct. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736–37 (1980) (citing Gerstein v. Pugh,

420 U.S. 103 (1975)). In this case, Chaney seeks sanctions against the prosecutor defendants for violation of their oaths of office and monetary relief. Assuming the sanctions are a form of injunctive relief, the prosecutors are not immune from the injunctive relief sought in the complaint. However, as discussed below, plaintiff's claims against the district attorney and his assistants are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994).

(5)    ATTORNEYS AND BAIL BOND COMPANIES ARE NOT STATE ACTORS

Eusi Phillips is a private attorney who allegedly represented plaintiff in his state court criminal proceedings. Blair's Bail Bonds is a private corporation with offices in New Orleans and Gretna, Louisiana, specializing in state, federal, juvenile, municipal and traffic bonds.[2]

To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law. James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Mississippi Women's

---

[2] See blairsbailbonds.com.

Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that the actions of Phillips, Arcuri, and Blair's Bail Bonds are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Johnson ex rel. Wilson v. Dowd, 305 Fed. Appx. 221, 2008 WL 5212795, at *2 (5th Cir. 2008); Cornish v. Correctional Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005).

The law is clear that under no circumstances can attorneys, whether privately obtained or publicly appointed, be considered state actors as a matter of law. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Small v. Dallas County, 170 Fed. Appx. 943, 2006 WL 925500, at *1 (5th Cir. 2006) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988)). Similarly, a privately owned bail bonds corporation such as Blair's Bail Bonds cannot be considered a state actor as a matter of law. Because Phillips and Blair's Bail Bonds are not state actors, plaintiff's Section 1983 claims against these defendants have no basis in federal law, and they must be dismissed because Chaney has failed to state cognizable Section 1983 claims against them.

(6)    HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS CONCERNING HIS CRIMINAL PROCEEDINGS

Chaney asserts numerous alleged constitutional deficiencies in his state court criminal proceedings. His complaint, filed on January 31, 2019, states that his criminal charges that form the basis of his Section 1983 claim are still pending. Record Doc. No.

3 (Complaint at ¶ III). Staff of this court reviewed the case records for plaintiff's criminal charges in Criminal District Court for the Parish of Orleans and found that on January 31, 2019, Chaney pled guilty to possession of marijuana, possession with intent to distribute a controlled dangerous substance, obstruction of justice, distribution of a controlled dangerous substance less than 2.5 pounds and possession with intent to distribute marijuana. Chaney was sentenced to one year in prison with credit for time served. Staff of this court contacted the Office of the Clerk of Court of the Louisiana Fourth Circuit Court of Appeal and was advised that as of March 11, 2019, Chaney had not filed an appeal of his state court criminal charges.

Regardless whether he seeks injunctive relief or damages under Section 1983 for these criminal proceedings, plaintiff's claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state criminal charges or confinement, which have not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for

> damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id</u>. at 486–87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks injunctive relief. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, (1997)).

Plaintiff's Section 1983 claims in the instant case necessarily imply the invalidity of the state court criminal charges against him under <u>Heck</u>. Chaney pled guilty to those charges and was sentenced. His convictions and sentence have <u>not</u> been set aside. Plaintiff's Section 1983 claims concerning his criminal proceedings must fail because they necessarily impugn the validity of his criminal convictions and sentence. Because the charges against Chaney still stand and have not been set aside in any of the ways set out in <u>Heck</u>, all of his claims based on the underlying prosecution against him, whether for injunctive relief or for damages, are barred by <u>Heck</u>. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met. <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) as legally frivolous, for failure to state a claim under Heck v. Humphrey, 512 U.S. 477 (1994) and/or because the defendants are immune or are not state actors.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this ____25th____ day of March, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.